JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES II, LLC; a Delaware limited liability company doing business as Sherman Oaks Hospital,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; a California corporation; KAISER FOUNDATION HOSPITALS, a California corporation; SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, INC., a California corporation; and DOES 1-100, Inclusive,<br><br>　　　　　Defendants. | CASE NO. CV 08-01858 GW FMOx<br><br>**ORDER DISMISSING CERTAIN CAUSES OF ACTION AND ALLEGATIONS AND REMANDING TO STATE COURT PURSUANT TO 28 U.S.C. § 1446**<br><br>Date:　August 21, 2008<br>Time:　8:30 a.m.<br>Crtrm:10<br><br>Trial Date:　　None |

　　　Whereas, on January 23, 2008, five Complaints were filed in separate counties in the Superior Court of the State of California and were subsequently removed by Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group (collectively "Kaiser"), and are now pending, as follows:

　　　1.　　**Prime Sherman Oaks:** Prime Healthcare Services II, LLC vs. Kaiser Foundation Health Plan, Inc. et al., Case No. CV 08-01858 GW FMOx, removed March 19, 2008 from California Superior Court for the County of Los Angeles, Case No. LC080295, filed January 23, 2008 ("Prime Sherman Oaks");

2. **Prime Desert Valley:** Desert Valley Hospital, Inc. et al. vs. Kaiser Foundation Health Plan, Inc. et al., Case No. EDCV 08-00385 GW FMOx, removed March 20, 2008 from California Superior Court for the County of San Bernardino, Case No. CIVVS800317, filed January 23, 2008 ("Prime Desert Valley");

3. **Prime Chino Valley:** Veritas Health Services, Inc. et al. vs. Kaiser Foundation Health Plan, Inc. et al., Case No. EDCV 08-00386 GW FMOx, removed March 20, 2008 from California Superior Court for the County of San Bernardino, Case No. CIVRS800590, filed January 23, 2008 ("Prime Chino Valley");

4. **Prime Orange County:** Prime Healthcare La Palma, LLC et al. vs. Kaiser Foundation Health Plan, Inc. et al., Case No. SACV08-00318 GW FMOx, removed March 20, 2008 from California Superior Court for the County of Orange, Case No. 30-2008-00101717-CU-BT-CJC, filed January 23, 2008 ("Prime Orange County"); and,

5. **Prime Paradise Valley:** Prime Healthcare Paradise Valley, LLC vs. Kaiser Foundation Health Plan, Inc. et al., Case No. 08CV 0523 JLS BLM, removed March 20, 2008 from California Superior Court for the County of San Diego, Case No. 37-2008-00068370-CU-NP-SC, filed January 23, 2008 ("Prime Paradise Valley").

Whereas, on June 2, 2008, Prime Sherman Oaks, Prime Desert Valley, Prime Chino Valley, and Prime Orange County were ordered related matters and are now pending before this Court, and whereas the Prime Sherman Oaks case proceeded to be litigated while the Prime Desert Valley, Prime Chino Valley, and Prime Orange County cases were stayed by agreement of the parties and Order of the Court and are subject to application of the same ruling as in the Prime Sherman Oaks case.  Plaintiffs in these four related matters are collectively referred to herein as "Prime" and these four related cases are referred to herein as the "Prime Cases;"

Whereas, Kaiser removed the Prime Cases based on three independent and alternative grounds: (1) federal question removal under 28 U.S.C. § 1441(a) and (b) based on ERISA complete preemption; (2) federal question removal under 28 U.S.C. § 1441(a) and (b) based on Medicare complete preemption; and (3) federal actor removal under 28 U.S.C. § 1442;

/ / /

1  Whereas, Prime filed a Motion for Remand and Request for Stay in Prime Sherman Oaks,
2  in which it asserted that Kaiser improperly removed Prime Sherman Oaks to Federal Court and the
3  Prime Sherman Oaks case should be remanded (the "Motion for Remand"), and the ruling in the
4  Prime Sherman Oaks cases being applicable to the Prime Desert Valley, Prime Chino Valley, and
5  Prime Orange County cases;

6  Whereas, Kaiser filed Motions to Dismiss in the Prime Cases whereby Kaiser sought to
7  dismiss all claims for relief in the Prime Cases (the "Motion to Dismiss").  Kaiser also filed
8  Motions to Strike in the Prime Cases and a Motion to Consolidate the Prime Cases;

9  Whereas, the Motions to Dismiss, Motions to Strike and Motion to Consolidate were
10  stayed pending the Court's decision on the Motion for Remand;

11  Whereas, after full briefing and an initial hearing on the Motion for Remand on June 19,
12  2008, the Court ordered supplemental briefing by all parties, and a subsequent hearing was held
13  on August 21, 2008;

14  Whereas, the Court found that the 3rd cause of action for "Breach of Written Contract –
15  Written Assignment", and the 4th cause of action for "Breach of Implied Covenant of Good Faith
16  and Fair Dealing" and the 7th cause of action for "Violation of Business & Professions Code §
17  17200 *et. seq.* claim" based on assignment to Prime of member benefits under a Kaiser health care
18  policy were subject to complete federal preemption (and only those portions of the 4th and 7th
19  causes of action based on an assignment);

20  Whereas, during the hearing on August 21, 2008, Prime stipulated to the following:
21  (a) dismissal of its 3rd cause of action for "Breach of Written Contract – Written
22  Assignment" in its entirety in Prime Sherman Oaks, Prime Desert Valley, and Prime Chino
23  Valley;

24  (b) dismissal of those portions (and only those portions) of the allegations in Prime's 4th
25  cause of action for "Breach of Implied Covenant of Good Faith and Fair Dealing" and Prime's 7th
26  cause of action for "Violation of Business & Professions Code § 17200 *et. seq.* claim" in Prime
27  Sherman Oaks, Prime Desert Valley, and Prime Chino Valley based upon assignment to Prime by
28  Kaiser's members of benefits under a Kaiser health policy;

ORDER DISMISSING CERTAIN CAUSES OF ACTION AND ALLEGATIONS AND REMANDING TO STATE
COURT PURSUANT TO 28 U.S.C. § 1446

1  (c) dismissal of its 4th cause of action for "Breach of Written Contract – Written Assignment" in its entirety in Prime Orange County; and

(d) dismissal of those portions (and only those portions) of the allegations in Prime's 5th cause of action for "Breach of Implied Covenant of Good Faith and Fair Dealing" and Prime's 8th cause of action for "Violation of Business & Professions Code § 17200 et. seq. claim" in Prime Orange County based upon an assignment to Prime by Kaiser's members of benefits under a Kaiser health policy;

Whereas, after Prime's stipulation at the August 21, 2008 hearing to dismiss the Cause of Action Breach of Contract- Written Assignment, those portions of the Cause of Action of Breach of Implied Covenant of Good Faith & Fair Dealing and the Cause of Action for Violation of Business & Professions Code §17200 based upon the assignments, the Court found that, upon dismissal of these allegations, the Court would not exercise supplemental jurisdiction over the remaining causes of action in Prime Sherman Oaks, Prime Desert Valley, Prime Chino Valley and Prime Orange County (Second Cause of Action for Breach of Contract; those portions of the Fourth Cause of Action for Breach of Implied Covenant of Good Faith & Fair Dealing not based upon the assignments; Fifth Cause of Action for Quantum Meruit, Sixth Cause of Action for Intentional Interference with Contract; and those portions of the Seventh Cause of Action for Violation of Business & Professions Code §17200 not based upon the assignments);Whereas, upon the Court's consideration of Prime's Motion for Remand, Kaiser's opposition, and the parties' supplemental briefings associated with the Motion for Remand, having regularly come on for hearing, and the Court being fully advised, the Court, having considered the papers submitted and the oral argument presented by counsel,

**IT IS HEREBY ORDERED THAT:**

(1) The Court accepts Prime's stipulation provided at the August 21, 2008 hearing to dismiss certain causes of action and assignment of benefits allegations. Accordingly, the following are dismissed, as follows:

/ / /

1  (a) Prime's 3rd cause of action for "Breach of Written Contract – Written
2  Assignment" in its entirety in Prime Sherman Oaks, Prime Desert Valley, and Prime Chino
3  Valley,

4  (b) Those portions (and only those portions) of the allegations in Prime's 4th cause
5  of action for "Breach of Implied Covenant of Good Faith and Fair Dealing" and Prime's 7th cause
6  of action for "Violation of Business & Professions Code § 17200 *et. seq.* claim" in Prime Sherman
7  Oaks, Prime Desert Valley, and Prime Chino Valley based upon an assignment to Prime by
8  Kaiser's members of benefits under a Kaiser health policy,

9  (c) Prime's 4th cause of action for "Breach of Written Contract – Written
10  Assignment" in its entirety in Prime Orange County, and

11  (d) Those portions (and only those portions) of the allegations in Prime's 5th cause
12  of action for "Breach of Implied Covenant of Good Faith and Fair Dealing" and Prime's 8th cause
13  of action for "Violation of Business & Professions Code § 17200 *et. seq.* claim" in Prime Orange
14  County based upon an assignment to Prime by Kaiser's members of benefits under a Kaiser health
15  policy are dismissed (only);

16  (2)  For the reasons stated on the record at the hearings on the Motion for Remand on
17  June 19, 2008 and August 21, 2008, the Court declines to exercise supplemental jurisdiction over
18  the remaining causes of action in Prime Sherman Oaks, Prime Desert Valley, Prime Chino Valley
19  and Prime Orange County;

20  (3)  For the reasons stated on the record at the hearings on the Motion for Remand on
21  June 19, 2008 and August 21, 2008, Prime Sherman Oaks, Prime Desert Valley, Prime Chino
22  Valley and Prime Orange County are hereby remanded back to the state courts from which they
23  were removed;

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1    (4)    Neither Prime nor Kaiser shall recover attorneys' fees or costs in connection with removal or remand or dismissal of the assignment causes of action in any of the Prime Cases; and

(5)    Upon remand Kaiser shall have the time period under California <u>Code of Civil Procedure</u> § 430.90 to file its responsive pleading(s) in state court.

**IT IS SO ORDERED.**

DATED: September 18, 2008



The Honorable George H. Wu
United States District Judge

SUBMITTED BY

DATED:    STECKBAUER WEINHART JAFFE, LLP

By: _____
Dawn Coulson
Susan Freedman
Attorneys for Plaintiff
PRIME HEALTHCARE SERVICES II, LLC